## Durell *ads*. Stansbury, assignee of sheriff of West-Chester.

## Delavan *ads*. The same.

RULES had been obtained at laft October Term to ftay proceedings on bail bond fuits, the oppofite party not having appeared to object. At laft January Term an application was made to fet thofe rules afide, on the ground that no regular notice of them had been ferved. Other objections were added as to the regularity of the application at October to ftay proceedings, particularly, that one of the plaintiffs had not been truly named in the bail pieces; and that the bail in the original fuit had not juftified.

A variety of affidavits taken on both fides were then read to the point of merits. And it appeared that the fpecial bail and the defendants to the bail bond fuits were the fame.

The Court ordered, " That thefe caufes be-" ing now opened, and in the fame fituation in " which they were the beginning of laft Term, let " the proceedings on the bail bonds ftay, on pay-" ment of cofts; on bails juftifying, if required: " and on the terms offered by the defendant's " counfel, viz. to correct the name in the bail pieces " and confefs judgment in the original fuit."

The defendant's attorney not underftanding that the rule went fo far, but that it merely extended to the vacating the firft rule, applied to a Judge at his chambers on the 5th of February, and obtained an order ftaying proceedings generally until the next Term. This order was then duly ferved on the plaintiff's attorney, but confidering it irregularly obtained, he took no notice of it, but went on with the fuits. And now

*Riggs* for the defendants moved to fet afide all proceedings fince laft Term, as being contrary to the Judge's order; and for a rule to ftay all proceedings upon the bail bonds on the terms formerly offered.

*Jones* objects I. Becaufe the Judge's order was irregularly ferved, as it was not preceded by or accompanied with any notice of the motion, and becaufe after the order made at Term, it was irregu-

lar to apply to a Judge at his chambers. II. Becaufe there had been no offer by the defendants to juftify or to give the *cognovit actionem* till the 2d of April, although the plaintiff had filed his declaration on the bail bonds as early as the 7th of March. III. Becaufe the cofts had never been paid or tendered.

*Riggs* in reply faid, 1ft, That the defendants had never underftood that the order of the Court at January Term extended to any thing further than merely to vacate the order obtained at October; but that, as to one objection that the bail had not juftified; upon principle that could not be requifite, as the bail to the fheriff had become bail above, and the plaintiff by fuing the bail bond had admitted their fufficiency. And as to the cofts, no bill had ever been made, nor had they ever been demanded.

*Per Curiam.* As all proceedings had been ftayed in Term on certain conditions, thofe conditions fhould have been firft complied with, to entitle the party to any benefit under the rule; and it was certainly irregular to apply afterwards to a Judge at his chambers for any further order. But as the defendants appear to have miftaken the former decifion, the Court will now ftay proceedings on the fame conditions as were annexed laft Term, and on payment of all fubfequent cofts.

As to the other objection, the Court obferved that it was the duty of the defendants to have fought the plaintiff and tendered the cofts.